UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COINDELL BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2166** |
| **SGT. DOUG GOSS** | **SECTION "B" (4)** |

### ORDER AND REASONS

The plaintiff, Coindell Bryant, acting *pro se*, filed a **Motion for Temporary Restraining Order and/or a Preliminary Injunction (Rec. Doc. No. 6)**, with the complaint in the captioned case. Bryant filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983, against the defendant, Sergeant Doug Goss, a guard in the Sun Unit at the Washington Correctional Institute ("WCI") alleging that Goss kicked him and threatened him because he complained to the Warden about prior acts by Goss. In the present Motion, he seeks an order preventing Goss from further retaliating against him so that he can prosecute the § 1983 claims raised herein.

At the *Spears* Hearing[1] held on June 15, 2006, the undersigned Magistrate Judge discussed with Bryant, who was under oath, the allegations in support of the Motion for a Temporary

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

Restraining Order.[2]  Bryant testified that after the incident forming the basis of this complaint, he was reassigned to another part of WCI away from Sergeant Goss.  He further testified that, although he was returned to the Sun Unit, where Goss was previously assigned, he was no longer under Goss's supervision.  Bryant stated that Goss had been reassigned to "the tower" in another part of the jail since Bryant's return to the Sun Unit.  Bryant indicated that he believed the reassignment to be temporary, but, at this time, Goss is not a threat to him.

A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice to the public interest.  Fed. R. Civ. P. 65; *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987).  If the plaintiff fails to meet the burden of any one of the four factors, injunctive relief can not be granted.  *Bergquist v. FYBX Corp.*, 2003 WL 21488117 (E.D. La. 2003).

In the instant case, the Court has determined that Bryant is not under a substantial threat of irreparable harm.  The harm asserted in the Motion is that Bryant will be unable to prosecute this case without retaliation from Goss.  Bryant concedes, however, that Goss is no longer assigned to the Sun Unit and no longer has supervisory control over him.  Furthermore, as is evidenced by the pleadings in the record and the *Spears* Hearing, Bryant is able to participate in these proceedings.  His case has been filed and is proceeding before the Court.  At this time, there is no apparent threat to his ability to continue with this case.

---

[2]Rec. Doc. No. 11.

Thus, for the foregoing reasons, there is not a substantial threat that Bryant will suffer irreparable injury without the requested injunctive relief. Accordingly,

**IT IS ORDERED** that the **Motion for a Temporary Restraining Order and/or a Preliminary Injunction (Rec. Doc. No. 6)** is **DENIED**.

New Orleans, Louisiana, this __22nd__ day of June, 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**